**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RODRIGUEZ,<br>Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION, LESLIE DOE, and DOES 1 to 25, Inclusive,<br>Defendants. | Case No. 2:26-cv-08169-WLH-PVC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]** |

Before the Court is Plaintiff Maria Rodriguez's Motion to Remand. ("Plaintiff," "Mot.," Dkt. No. 13). Defendant Costco Wholesale Corporation ("Defendant," or "Costco"), opposed ("Opp'n," Dkt. No. 22), and Plaintiff replied ("Reply," Dkt. No. 23). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (See Standing Order at 16–17, Dkt. No. 7). For the reasons explained below, the Court **GRANTS** the Motion **IN PART** and **DENIES** the Motion **IN PART**, and **REMANDS** the case to the Superior Court of California, County of Los Angeles.

## I. BACKGROUND

The following allegations are taken from Plaintiff's operative Complaint. (“Complaint” or “Compl.,” Dkt. No. 1-1, at 1-21). Plaintiff is a resident of Los Angeles County, California. (Compl. ¶ 2). On June 24, 2024, while walking through the food court of the Van Nuys Costco, Plaintiff slipped and fell on a wet floor near a fountain drink machine. (Id. ¶¶ 13, 19). Plaintiff alleges Defendant “Leslie Doe” (“Leslie”) was a Costco manager at the time of the incident who was residing in Los Angeles County, California. (*Id.* ¶ 3).

On February 13, 2026, Plaintiff filed her Complaint against Defendants Leslie, Costco, and Does 1-25 in the Superior Court of California for the County of Los Angeles (“Superior Court”). *Id.* In her Complaint, Plaintiff alleged that “every Defendant designated herein as a ‘DOE’ is responsible in some actionable manner for the . . . injuries to the Plaintiff . . . and Plaintiff will amend this Complaint to state the manner in which each fictitious Defendant is so responsible.” (Compl., ¶ 6). On June 26, 2026, Plaintiff served discovery responses upon Costco indicating that the amount in controversy exceeded the sum of $75,000. (“Notice of Removal,” Dkt. No. 1, ¶¶ 4-5). On July 17, 2026, Costco served discovery responses to Plaintiff’s request “seeking [the] identities of persons who inspected, monitored, maintained, or supervised the food-court area.” (Declaration of Anthony M. Crisci (“Crisci Decl.”), Dkt No. 13-1, ¶ 5). In their responses, Costco “identif[ied] Leslie Chan as front-end manager . . . and stat[ed] that the identified employee[] could be contacted through counsel,” which Plaintiff contends is the “first time Costco disclosed Leslie Chan’s surname to Plaintiff in this litigation.” (Crisci Decl. ¶¶ 6-7).

On July 24, 2026, Plaintiff sent a request for amendment to the Superior Court, to correct Defendant Leslie’s name from “Leslie Doe” to “Leslie Chan.” (*Id.* ¶ 9). Also on July 24, 2026, Costco filed their Notice of Removal. (Notice of Removal). Plaintiff alleges that Costco filed their removal shortly after Plaintiff submitted Defendant Leslie’s amended surname with the Superior Court. (Mot. at 5) (“Costco

removed later that day"). Costco's Notice of Removal states that this Court has jurisdiction on the basis of complete diversity of citizenship because "Defendant LESLIE DOE is a 'fraudulent joinder' in that the warehouse manager of the Premises is not named Leslie." (Notice of Removal ¶ 6). On July 31, 2026, the Superior Court approved and filed Plaintiff's amendment of Defendant Leslie's surname, and Plaintiff subsequently served the amendment of Defendant Leslie's surname upon Costco. (Crisci Decl. ¶ 10-11).

## II. LEGAL STANDARD

A Plaintiff may remand an action from federal court to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332, a district court has such jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "[F]ederal court[s] must find that a defendant was properly joined and remand the case to state court if there is a possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants") (cleaned up).

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. § 1332 requires that all plaintiffs in a suit be of diverse citizenship from all defendants. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance."

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). Where fraudulent joinder is an issue, courts may look beyond the pleadings as "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). For example, in deciding a motion for remand, district courts may consider a Plaintiff's interrogatory answers relating to subject matter jurisdiction. *Kroske v. United States Bank Corp.* 432 F.3d 976, 980 (9th Cir. 2005).

## III. DISCUSSION

### A. Remand

Costco argues that Defendant Leslie is a fraudulently joined defendant and her alleged citizenship should be disregarded. (Notice of Removal ¶ 6). Plaintiff argues Leslie is not fraudulently joined and her California citizenship justifies remand. (Mot. at 3). The Court agrees that remand is appropriate.

When determining whether a case is removable based on diversity jurisdiction "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). However, the citizenship of fictitious defendants may be considered if Plaintiff's "description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015); *see also Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995) (considering the citizenship of fictitious defendants where

"plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent."), *Sandoval v. Republic Servs., Inc.*, No. CV 18-01224-ODW (KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (holding that courts should consider Doe Defendants' citizenship especially "when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant."); *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375-FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant.") (emphasis in original).

This case is factually analogous to other slip-and-fall cases against Defendant Costco, in which courts in this district have found the inclusion of a Costco manager Doe defendant defeated diversity of citizenship. For instance, in *Yehuda Loya v. Costco Wholesale Corp.*, the Court considered the citizenship of "fictitious defendants," including a store manager, because the plaintiff's complaint alleged reasonable indications of the fictitious defendants' "identities, relationship to the action, and citizenship." There, plaintiff alleged that the defendants were residents of Los Angeles County and employees of the Costco store where the action arose, where they were responsible for the store's maintenance. No. CV 20-9354-DMG (JCx), 2020 WL 7247782, at *2 (C.D. Cal. Dec. 9, 2020). Similarly in *Navarro v. Costco Wholesale Corp.*, the Court found that the plaintiff alleged "reasonable indications of [the alleged Costco manager] Miguel [Doe]'s California citizenship." No. 2:21-CV-03150-AB-AGR, 2021 WL 2826434, at *2 (C.D. Cal. July 6, 2021) ("[plaintiff] alleges that Miguel [Doe] is a resident of Los Angeles County, was a manager or supervisor at the [relevant] store on the date of the incident, and was responsible for the store's maintenance at the time of the incident"). Here, like in *Yehuda* and *Navarro*, Costco did not refute allegations of Defendant Leslie's California

citizenship; in fact, Costco confirmed Leslie Chan's employment at the relevant Costco and during the relevant time frame. (Opp'n at 6-7). As the *Navarro* court noted, the lack of argument from Costco as to Leslie's diverse citizenship is "puzzling [] given Plaintiff's allegations, [as] it would seem that Defendant has the ability to ascertain [the Costco manager's] citizenship for purposes of diversity." *Navarro*, 2021 WL 2826434, at *2. Ultimately, "because Defendant does not refute Plaintiff's reasonable indications of [Leslie's] California citizenship, the Court finds that Defendant has not met its burden of establishing complete diversity." *Id.* (*citing Collins*, 2017 WL 2734708, at *2) (remanding the case to state court because the defendant "was in a position to know" the identity and citizenship of the Doe defendant employed by the defendant).

Costco argues that Leslie is fraudulently joined as Plaintiff cannot maintain a claim against Leslie because she was "neither necessary to nor highly involved in plaintiff's allegations." (*Id.* at 4). A party is fraudulently joined if there is no possibility of recovery against the non-diverse defendant, in which case courts may ignore the citizenship of non-diverse parties in ascertaining the propriety of a removal on diversity jurisdiction grounds. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067–68 (9th Cir. 2001). A joinder is deemed "fraudulent" where there is absolutely no possibility of recovery against a resident defendant according to the settled rules of the state. *Id.* at 1067 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). This is a low bar, as courts look to whether the "individuals joined in the action can[ ] be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Yet, Plaintiff alleges that Leslie was the Costco manager "at all relevant times," (Compl. ¶ 3), and cites to evidence produced during the course of discovery that supports Plaintiffs' arguments that Leslie was involved in plaintiff's allegations. For example, Plaintiff submits Plaintiff's "Report of Incident" in which Plaintiff marks "YES" in response to "Was a Costco employee involved in the incident?" and identifies "Lesslie" as the Costco employee. (Crisci Decl. ¶ 4). Plaintiff also points to the fact

that when asked to identify each person who "inspected, cleaned, monitored, maintained, repaired, or supervised the food court area where the INCIDENT occurred on the date of the INCIDENT," Costco "named three people," including a Costco manager named Leslie Chan. (Reply at 5). Finally, Costco's argument is undermined by decisions in this district such as *Lavine v. Costco Wholesale Corp*, in which the court permitted a slip-and-fall plaintiff to join a "store manager" defendant who was "responsible for the maintenance of the store" as a defendant because the plaintiff had sufficiently alleged at least a negligence claim against the Costco store manager defendant and thus defeated diversity. No. CV 25-CV-05843-MWF (BFMX), 2025 WL 2490853, at *1 (C.D. Cal. Aug. 28, 2025). Similarly, Plaintiff sufficiently alleges a cause of action against Defendant Costco manager Leslie for at least Plaintiff's negligence claim and thus Leslie is not fraudulently joined.

Accordingly, the Court finds that Defendant has failed to meet its burden establishing that removal is proper and the case must be remanded.

**B. <u>Attorneys' Fees</u>**

Plaintiff also requests the Court to award costs and attorney fees. (Mot. at 10-11). An order remanding the case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant sought to remove this matter based on Plaintiff's discovery responses suggesting the amount in controversy was greater than $75,000 and because "the warehouse manager of the Premises is not named Leslie." (*See* Notice of Removal ¶¶ 4-6). It appears that Defendant filed their Notice of Removal on the same day that Plaintiff requested amendment to Defendant Leslie's last name and prior to the Superior Court's accepting of Plaintiff's request. While the Court ultimately disagrees

with Defendant, Defendant did not lack an objectively unreasonable basis for seeking removal at the time of filing. *Navarro*, 2021 WL 2826434, at *3; *see also Lavine*, 2025 WL 2490853, at *4. Therefore, Plaintiff's request for attorney fees is **DENIED**.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. Plaintiff's request for remand is **GRANTED** and Plaintiff's request for attorneys' fees is **DENIED**. The matter is **REMANDED** to the Superior Court of California, County of Los Angeles. All dates currently set are hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: November 25, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE